Sorrells v. McHenry.

---

## SORRELLS v. McHENRY.

38 127
f85 226

1. BILLS AND NOTES: *Assignee after maturity.*
    The assignee of a note after maturity takes it subject to the same defenses which the maker has against the assignor.

Sorrells v. McHenry.

2. VENDOR AND VENDEE: *When action accrues to, on dependent contract.*
    Where in a contract for the sale of land, the agreements of the vendor to make title and the vendee to pay the purchase money are dependent, the vendor cannot sue at law for the purchase money, without first tendering the deed and demanding the purchase money; but the rule is otherwise in equity where costs are under the control of the chancellor.

3. PLEADINGS: *Dependent contracts.*
    In an action at law upon an instrument setting forth mutual stipulations of the parties, performance or offer to do so by the plaintiff must be averred in the complaint; but when the stipulations do not so appear the defendant may plead them.

4. SAME: *Exhibits, when part of.*
    When a writing is the foundation of an action, counter claim or set-off, and is filed with the complaint or answer, it is part of the pleading; but if not such foundation, it is mere evidence to be used on the trial, and does not become part of, or help defective pleading.

5. VENDOR AND VENDEE: *Action on purchase note; want of title, when good defense.*
    When a purchaser accepts a deed to land with covenants of warranty, and the title fails, he cannot successfully plead a total failure of consideration, unless there has been an eviction or its equivalent; but this rule does not apply where the sale was void and the vendor has made no deed, and has no power to make one.

6. SAME: *Possession as consideration for purchase note.*
    Possession of land, under a void sale, is no consideration for a note given for the purchase money.

APPEAL from *Union* Circuit Coutr.

HON. G. M. BARKER, special judge.

*F. W. Compton* for appellant.

1.    Appellees did not tender a deed before suit. *Lewis* v. *Davis*, 21 *Ark.*, 235 ; *McDermott* v. *Cable*, 23 *Ib.*, 200 ; *Smith* v. *Henry*, 2 *Eng.*, 207; which is always requisite in actions *at law*. In equity, under peculiar circumstances, the rule is sometimes relaxed. *McGhee* v. *Blackwell*, 28 *Ark.*, 27 ; *Anderson* v. *Mills*, *Ib.*, 175 ; *but never at law.*

Sorrells v. McHenry.

The general rule in equity is laid down in *Wakefield* v. *Johnson*, 26 *Ark.*, 506.

2. ˙ The title is in Rhodes' heirs, and at the time of the sale was in Rhodes, an insane person, and no order of sale was ever obtained. The sale was void.

*B. B. Battle* for appellee.

1. The exhibit of the title bond filed with the answer is not a part thereof. The title bond was not the foundation of the suit, counter claim, or set off, but merely documentary evidence, *Dodd* v. *King*, 1 *Met.*, (*Ky.*) 430, and could not aid a defective allegation, or supply an averment wholly omitted, *Allen* v. *Shortridge*, 1 *Duvall*, 35. "An exhibit, which even forms a part of the pleadings, does not dispense with the express averment of all the facts necessary to show the rights of the party ; it can only aid in making direct, positive, and certain an allegation which otherwise would be vague and uncertain." *Hill* v. *Barrett*, 14 *B. Mon.*, 67 ; *Collins* v. *Blackburn*, *Ib.*, 203 ; *Dodd* v. *King*, 1 *Met.*, (*Ky.*) 430 ; *Allen* v. *Shortridge, sup.* ; *Newman, Pl. and Pr.*, 250–1. It was no part of the pleading unless made so by the bill of exceptions. *Vaughan* v. *Mills*, 18 *B. Mon.*, 633 ; *Newman's Pl. and Pr.*, 251 ; *Strother* v. *Lovejoy*, 8 *B. Mon.*, 136 ; *Harmon* v. *Wilson*, 1 *Duvall*, 322 ; *C. & F. R. R.* v. *Parks*, 32 *Ark.*, 134 ; *Howell* v. *Rye*, 35 *Ib.*, 479 ; *Chamblee* v. *Stokes*, 33 *Ark.*, 543 ; *Abbott* v. *Rowan*, 33 *Ib.*, 596.

2. The demurrer put in question the sufficiency of the answer. *Davies* v. *Gibson*, 2 *Ark.*, 115 ; *Peck* v. *Rooks*, 22 *Ib.*, 222 ; *Gantt's Dig.*, sec. 4577.

3. No fraud is averred in the answer, only false representations *at the time* of sale ; but it is not alleged that appellant was thereby induced to purchase.

16–38

4. Appellant obtained title by adverse possession. *Clement* v. *Sampkins*, 34 *Ark.*, 598, 602; *Logan* v. *Jelks*, *Ib.*, 548; *Jacks* v. *Chaffin, Ib.*, 534; *Drennen* v. *Boyer*, *&c.*, 5 *Ark.*, 500.

5. Before a purchaser can rescind a contract of sale, he must put or offer to put the vendor *in statu quo*. *Hynson* v. *Dunn*, 5 *Ark.*, 395; *Bellows* v. *Cheek*, 20 *Ib.*, 424; *Davis* v. *Tarwater*, 15 *Ib.*, 286; *Johnson* v. *Walker*, 25 *Ib.*, 286; *Sugden on Vendors*, (8 *Ed. by Perkins*), p. 356. The allegation that he does not "occupy, or exercise control over said land," &c., insufficient. *Bellows* v. *Cheek, sup.*

6. The answer fails to show that the bond contained mutual and dependent covenants. *Farish* v. *Jones*, 23 *Ark.*, 323; *Prewett* v. *Vaughan*, 21 *Ark.*, 417.

7. Appellant could not question the consideration of the assignment of the note. *Gentry* v. *Owen*, 14 *Ark.*, 396.

ENGLISH, C. J. This suit was brought in the Circuit Court of Union county the eighth of April, 1879, in the joint names of Ellen McHenry and her husband John V. McHenry, against James M. Sorrells, on the following note and assignment:

"Twelve months after date, I promise to pay R. C. Vanhook, as guardian of H. W. Rhodes, the sum of three hundred dollars for value received, with ten per cent. interest after due—16th December, 1872.

J. M. SORRELLS."

Endorsed: "Received on the within $58.33, May 2d, 1877."

"For value received, I transfer the within note to Ellen McHenry as so much of her interest in the real estate of her father H. W. Rhodes, without recourse. April 1st, 1879.    R. C. VANHOOK."

The complaint set out and exhibited the note and assignment, and admitted the partial payment endorsed. Alleged that plaintiff Ellen McHenry was the daughter of H. W. Rhodes, and the wife of plaintiff, John V. McHenry. That at the time the assignment was made her father was dead, and that she had become the waid of Robert C. Vanhook, to whom the note was made payable as guardian of her father, and 'that he assigned it to her as so much of her interest in the real estate of her deceased father.

Pending the suit plaintiff John V. McHenry died, and the cause progressed in the name of plaintiff Ellen McHency.

A demurrer to the complaint was interposed, and overruled, but no point is made upon that here.

A demurrer having been sustained to the original answer, defendant filed an amended answer with two paragraphs, in substance as follows:

I.  That the sole and only consideration for the note sued on was a part of the purchase money for certain lands lying in Union county, and described as the west half of section 32, and the southwest quarter of section 29, in T. 17 S., R. 13 W., containing 485 acres, less 5 acres. That at the time the defendant purchased the lands, said Robert C. Vanhook, payee in said note, falsely represented to him that he had a good right to sell and convey the same to defendant, when in truth and in fact he, the said Robert C. Vanhook, had no title to, or right, to sell the same to defendant, which said Vanhook well knew at the time of said sale; and defendant never knew said representation to be false and fraudulent until after the institution of this suit. That said Vanhook executed to said defendant a pretended bond for title in his own name, which is hereto attached and made part of this answer, and marked Exhibit A; and no deed has been executed to defendant by said Vanhook, or any other person for him; and the power to

make a deed to said lands is in the heirs or legal represent-
atives of Henry W. Rhodes, deceased, and not in said Van-
hook; nor does the defendant occupy or exercise control
over said lands, nor had he for one year previous to the
institution of this suit.

II.   And for a further defense, defendant avers that the
said lands were sold by said Vanhook assuming to act as
guardian of said Rhodes, without any order of court or
authority of law, and that no obligation for title or deed
has been tendered to this defendant for said lands for
which said note was given as a part of said purchase money ;
and he here offers and proposes to rescind said contract
and place R. C. Vanhook, and Ellen McHenry and John
McHenry plaintiffs, *in statu quo:* and further avers that
said plaintiffs are not holders or owners of said note by
purchase for any valuable consideration.

The court sustained a general demurrer to the amended
answer, and defendant resting, final judgment was rendered
in favor of Mrs. McHenry for the amount due on the note,
and defendant appealed.

1. BILLS
AND NOTES
Assignee
after ma-
turity.

I.   The note in suit was executed before the passage of
the act of twenty-fourth April, 1873, ( *Gantt's Digest*, sec.
566,) putting such paper on a commercial footing : and it
did not contain the words " without defalcation," and
hence was not commercial paper under the act of April
10th,   1869, ( *Acts* 1868–9, *p.* 146) ;   and   moreover
it was assigned after maturity, and hence appellee took it
subject to any defense which appellant had against it in the
hands of Vanhook, the original payee.   *Nisbett* v. *Brown
& Norton*, 30 *Ark.*, 590.

2. VENDOR
AND VEN-
DEE:
When ac-
tion ac-
crues on
dependent
contract.

II.   Upon an agreement for the sale and purchase of
land, where the stipulations by which the vendor under-
takes to make title, and the vendee to pay the purchase
money, are dependent, the vendor cannot maintain an action

Sorrells v. McHenry.

at law for the purchase money unless he has performed, or offered to perfom his part of the contract—that is, he must tender a deed and demand the purchase money before suit. *Smith* v. *Henry*, 7 *Ark.*, 207; *Lewis* v. *Davis et al.*, 21 *Ark.*, 237.

(The rule is otherwise in Chancery, when the costs are under the control of the Chancellor. *Anderson ad., et al.* v. *Mills ex.*, 28 *Ark.*, 180.)

In actions at law, if the mutual stipulations of the parties are set forth in the instrument declared on, the fact of performance, or offer to do so, must be averred in the declaration, and when the stipulations do not so appear, the defendant may plead the fact. *Lewis* v. *Davis et al., sup.*

Pleading at law.

In *Smith* v. *Henry*, 7 *Ark.*, 213, it was held that where the obligation for purchase money had been assigned the assignee must tender a deed and demand payment before suit, because, by the statute then in force, the assignment did not deprive the obligor of any defense he had as against the obligee. *Gould's Dig., sec, 3. Chap. 15.*

In *Duncan et al* v. *Clements*, 17 *Ark.*, 279, it was held under the statutes then in force regulating the common law pleading and practice, that where a note for purchase money was sued on, and the defense was that plaintiff had executed to defendant a bond to make him title on payment of the note, and had not tendered a deed and demanded payment before suit, the title bond relied on must be pleaded with profert.

In *Faust* v. *Jones*, 23 *Ark.*, 323, the plea alleged, in substance, that the note sued on was given for the last payment of the purchase money of four acres of land, which the plaintiff sold to defendant and gave him a bond for a fee simple title deed; and that the deed was to be made and delivered to defendant upon the payment of said purchase money, but that no deed had been tendered before suit.

The plea made profert of the bond for title, but did not set it out, or state the substance of it, nor was it brought upon the record by oyer. On demurrer the plea was held bad because it failed to show that the bond contained mutual and dependant covenants; or, in other words, that the plaintiff was bound by the terms of the contract of sale to make or tender the defendant a deed for the land before suit for the purchase money. The bond did not help the plea, because, though profert was made of it, it did not become part of the plea without oyer prayed and granted.

4. EXHIB-ITS: No part of pleading unless foundation of the action. Under the code practice, where a bond, bill, note or other writing, is the foundation of the action, counter-claim or set-off and is filed with the complaint or answer, it becomes part of the pleading; but if not the foundation of the action, counter-claim or set-off, it is mere evidence to be used on the trial, and does not become part of or help defective pleading. *Gantt's Dig.*, sec. 4599, &c.; *Chamblee* v. *Stokes*, 33 *Ark.*, 543; *Howell* v. *Rye et al*, 35 *Ib.*, 479; *Abbott* v. *Rowan*, 33 *Ib.*, 596; *Cairo & Fulton R. R.* v. *Parks*, 32 *Ib.*, 132.

The answer in this case set up no "counter-claim or set-off." It alleged affirmative matter in defense of the action and on demurrer to it the bond for title made and exhibited was not part of the pleading, and did not help it. It was a matter of evidence only.

Had the answer alleged that the note sued on was given for the purchase money of land; that the vendor executed to defendant a bond, describing it, by which he covenanted to make him a deed on payment of the note, and that no deed had been tendered before suit, the answer would have set up a valid defense, if sustained by the terms of the bond when offered in evidence.

The answer alleges that the note was given for part of the purchase money of land, but whether other notes

were given, and whether they had been paid, and whether the deed was to be made on payment of the note sued on, was not alleged, nor are the stipulations of the bond alleged.

As a plea of mutual and dependent covenants to make a deed on payment of purchase money, and failure to tender deed before suit, the answer was bad pleading.

III. But such is not the character of the defense intended to be set up by the answer. Looking at the whole answer, it was evidently designed to be a plea of failure of consideration.

The note sued on was executed to Vanhook, as guardian of Rhodes, an insane person. It was given for the purchase money of lands belonging to Rhodes, and which, the answer alleges, Vanhook sold to appellant without an order of court; and if so the sale was void. The answer also alleges that at the time of the sale Vanhook falsely represented to appellant that he had a good right to sell and convey the lands, when, in fact, he had no title or right to sell, and knew it, and appellant did not know such representation to be false and fraudulent until after suit was brought. That no deed had been made to him, and, in effect, that the title of the lands was in the heirs of Rhodes, who was dead. The answer was not skillfully drawn, and was fancifully paragraphed, but if true, as admitted by the demurrer, it set up a good defense.

5. VENDOR AND VEN-DEE: Action on purchase note; want of title when good defense.

When a party contracts for and receives a deed to land, with covenants of warranty, and the title fails, in a suit for purchase money, the purchaser cannot avail himself of the plea of total failure of consideration, unless there has been an eviction, or its equivalent. *McDaniel* v. *Grace*, 15 *Ark.*, 487.

But this rule does not apply in this case, where, if the answer be true, the sale was void, and the vendor made no deed, and had no power to make one. Nor can the posses-

6. POSSES-SION OF LAND: Under a void sale is no consideration for a note.

sion of lands, under the void .sale, be treated as a consideration for the note in suit. *Lewis* v. *Davis et al*, 21 *Ark.*, 239. If appellant is liable for rents of the lands while in possession of them and to the time he abandoned them, he must account to the legal representitives of Rhodes in a proper proceeding.

There is nothing in the contention of counsel for appellee that appellant acquired title to the lands by adverse possession of them for the period of limitation. There is nothing in the answer, which was disposed of on demurrer, to show that he acquired any title by limitation. He had no deed ; when he took possession of the lands does not appear ; the statute would not run against Rhodes, an insane person while living ; when he died and what heirs he left (except appellant) or what their ages were, in no way appears.

This was not a proceeding by appellant to rescind the contract of sale, in which he could account to the heirs or legal representatives of Rhodes for rents of the lands, but an action on a note for purchase money, and the substance of the defense is that the sale was void, for want of power in the guardian of Rhodes to make it, or to make any title, and therefore the consideration of the note had totally failed.

The court erred in sustaining the demurrer to the answer.

Reversed and remanded for further proceedings.