[No. 5545.   Decided March 1, 1906.]

EDGAR AMES, *Respondent,* v. GEORGE KINNEAR *et al., Appellants.*[1]

PLEADING—DEMURRER. A general demurrer does not raise the question of improper joinder of causes of action since Bal. Code, § 4977, makes improper joinder a special ground of demurrer.

SUBSCRIPTION—ACTION TO ENFORCE—FAILURE OF CONSIDERATION— PLEADING—ANSWER—SUFFICIENCY. In an action to enforce the terms of a subsidy agreement, termed a "deed," for the conveyance of a half interest in certain tide lands, to be acquired from the state, which agreement shows on its face that it was received as full payment for a subsidy subscription, the full terms of which *do not* appear, the defendants have a right to show the terms of the subscription and a failure of consideration therefor; and the answer states a complete defense, and it is error to sustain a demurrer thereto, where it is alleged that the agreement was made in sole

1Reported in 84 Pac. 629.

consideration of an agreement of the grantee to construct a certain ship canal, represented by the grantee to be of great value to the owners, and that, although seven years had elapsed, no part of the canal had been constructed, and no consideration had been received by the defendants for the subsidy agreement.

Appeal from a judgment of the superior court for King county, Irwin, J., entered November 16, 1904, upon findings in favor of the plaintiff, after sustaining a demurrer to an affirmative answer and a trial before the court without a jury, in an action for the specific performance of a subscription. Reversed.

*James M. Epler* and *Charles A. Kinnear,* for appellants, contended, among other things, that if the promisor in a contract does not receive the consideration he has bargained for, then there is no enforcible agreement. *Sorrells v. McHenry,* 38 Ark. 127; *Powell & Co. v. Subers & Massey,* 67 Ga. 448; *Morrow v. Hanson,* 9 Ga. 398, 54 Am. Dec. 346; *Jones v. Buffum,* 50 Ill. 277; *State ex rel. Pettijohn v. Illyers,* 87 Ind. 405; *Jones v. Hathaway,* 77 Ind. 14; *Snyder v. Kurtz,* 61 Iowa 593, 16 N. W. 722; *Simpson Centenary College v. Bryan,* 50 Iowa 293; *Thompson v. Wheeler etc. Mfg. Co.,* 29 Kan. 476; *Dodge v. Oatis,* 27 Kan. 762; *Hopkins v. Hinkley,* 61 Md. 584; *Hodgkins v. Moulton,* 100 Mass. 309; *Rice v. Goddard,* 14 Pick. 293; *Gibson v. Pelkie,* 37 Mich. 380; *Brown v. Weldon,* 99 Mo. 564, 13 S. W. 342; *Wester-velt v. Fuller Mfg. Co.,* 13 Daly (N. Y.) 352; *House v. Kendall,* 55 Tex. 40. It is held as a defense in case of failure of the title to land sold. *Hall v. McArthur,* 82 Ga. 572, 9 S. E. 534; *Anderson v. Armstead,* 69 Ill. 452; *Sunderland v. Bell,* 39 Kan. 663; *Julian v. Beal,* 26 Ind. 220, 89 Am. Dec. 460; *Bair v. Laevison,* 91 Ky. 204, 15 S. W. 252; *Lapene & Ferre v. Delaprote,* 27 La. Ann. 252; *Curtis v. Clark,* 133 Mass. 509; *Redding v. Lamb,* 81 Mich. 318, 45 N. W. 997; *Catlett v. Bacon* 33 Miss. 269; *Burns v. Hayden,*

24 Mo. 215; *Frisbee. v. Hoffnagle,* 11 Johns. 50; *Ferguson's Admr's v. Teel,* 82 Va. 690; *West v. Shaw's Adm'r,* 32 W. Va. 195, 9 S. E. 81. So in case of failure of title to chattels. *Tobey v. Warsham Bank,* 13 Met. 440; *Carleton v. Lombard, Ayres & Co.,* 149 N. Y. 137, 43 N. E. 422. Even in that part of the consideration which was concurrent acts, a tender of the consideration was necessary to be alleged and proven. *Heine v. Treadwell,* 72 Cal. 217, 13 Pac. 503; *Englander v. Rogers,* 41 Cal. 420; *Vankirk v. Talbot,* 4 Blackf. (Ind.) 367; *Swan v. Drury,* 22 Pick. 485; *Hunt v. Livermore,* 5 Pick. 395; *Howland v. Leach,* 11 Pick. 151; *Kane v. Hood,* 13 Pick. 281; *Dana v. King,* 2 Pick. 155; *Morrison v. Ives,* 4 S. & M. (Miss.) 652; *Harvey v. Trenchard,* 6 N. J. L. 152; *Johnson v. Applegate,* 1 N. J. L. 271; *Ackley v. Richman,* 10 N. J. L. 361; *Jones v. Gardner,* 10 Johns. 266; *Gazley v. Price,* 16 Johns. 267; *Parker v. Parmele,* 20 Johns. 136; *Johnson v. Wygant,* 11 Wend. 49; *Payne v. Lansing,* 2 Wend. 525; *Lester v. Jewett,* 11 N. Y. 453; *Campbell v. Gittings,* 19 Ohio 347; *Adams v. Williams,* 2 W. & S. (Pa.) 227. The English authorities are to the same effect. *Phillips v. Fielding,* 2 H. Bl. 123; *Collins v. Gibbs,* 2 Burr 899. The payment of half the expenses of obtaining title to the lands was a condition precedent, the fulfillment of which it was incumbent upon the respondent to allege and prove. *Jones v. Sommerville,* 1 Port. (Ala.) 437; *Flouss & Kennedy v. Eureka Co.,* 80 Ala. 30; *Griel v. Solomon,* 82 Ala. 85, 2 South. 322, 60 Am. Rep. 733; *Daley v. Russ,* 86 Cal. 114, 24 Pac. 867; *Dennis v. Strassburger,* 89 Cal. 583, 26 Pac. 1070; *Gibbons v. Scott,* 15 Cal. 284; *Armor v. Fisk,* 1 Colo. 148; *Cheney v. Barber,* 1 Colo. 256; *Sanford v. Cloud,* 17 Fla. 532; *Griswold v. Scott,* 13 Ga. 210; *Henderson v. Wheaton,* 139 Ill. 581, 28 N. E. 1100; *Myers v. Cicott,* 5 Blackf. (Ind.) 225; *Armstrong v. Rockwood,* 53 Ind. 506; *Skehan v. Rummel,* 124 Ind. 347, 24 N. E. 1089; *Melton v. Coffelt,* 59 Ind. 310; *Hicks v. Zion,* 58 Ind. 548; *Hunter v. Miller,* 6 B. Mon. 612; *Louisville v. Muldoon,*

94 Ky. 462, 22 S. W. 847, *Chamberlin v. McCallister,* 6 Dana (Ky.) 352; *Escott & Son v. White,* 10 Bush (Ky.) 169; *Codding v. Mansfield,* 7 .Gray 272; *Turner v. Mellier,* 59 Mo. 526; *Sweezy v. Omaha Hotel,* 5 Neb. 75; *Hugg v. Collins,* 18 N. J. L. 294; *Bogardus v. New York Life Ins. Co.,* 101 N. Y. 328, 4 N. E. 522; *Pope v. Terre Haute Car etc. Co.,* 107 N. Y. 61, 13 N. E. 592; *Wilder v. Little,* Wright (Ohio) 388; *Wilson v. Lyle,* 23 W. N. C. (Pa.) 309, 16 Atl. 861.

*Sachs & Hale,* for respondent, contended, *inter alia,* that the exceptions to the findings of fact and conclusions of law were insufficient and that the statement of facts should be stricken. *Peters v. Lewis,* 33 Wash. 617, 74 Pac. 815; *Schlotfeldt v. Bull,* 17 Wash. 6, 48 Pac. 343; *Lilly v. Eklund,* 37 Wash. 532, 79 Pac. 1107; *Washington Liquor Co. v. Northwestern Live Stock Co.,* 18 Wash. 71; *Payette v. Willis,* 23 Wash. 299, 63 Pac. 254. An agreement to do a thing is a sufficient consideration to support a deed, even though, as a matter of fact, the agreement is never performed. 2 Devlin, Deeds, § 809; 6 Am. & Eng. Ency. Law (2d ed.), p. 796, and note; *Lake v. Gray,* 35 Iowa 459; *Feeney v. Howard,* 79 Cal. 525, 21 Pac. 984, 4 L. R. A. 826; *Gage v. Lewis,* 68 Ill. 604; *Gardner v. Lightfoot,* 71 Iowa 577, 32 N. W. 510; *Gray v. Lake,* 48 Iowa 505. The parties to a deed and their successors in interest are bound by the recitals in the deed and by such recitals only. 2 Herman, Estoppel, §§ 573-577, 606; 2 Devlin, Deeds, § 997.

HADLEY, J.—This action involves a controversy over certain tide lands, situate near the head of Elliott bay. The facts alleged in the complaint necessary to be stated here are substantially as follows: On the 25th day of April, 1895, the defendants, together with one D. C. Brawley, since deceased, executed the written instrument hereinafter set forth. Omitting the description of the lands mentioned therein, the said written instrument is as follows:

"This Indenture, made and entered into this 25th day of April, 1895, by and between George Kinnear and Angie Kinnear, his wife; W. R. Brawley and Gertrude F. Brawley, his wife; D. C. Brawley and Ella R. Brawley, his wife, all of Seattle, King county, Washington, the parties of the first part, and the Seattle and Lake Washington Waterway Company, a corporation duly organized and existing under and by virtue of the laws of the state of Washington, with its principal office at the City of Seattle, Washington, the party of the second part,

"Witnesseth: that the said parties of the first part being the owners in fee simple of a certain island at the head of Elliott Bay, in King county, Washington, known and designated as Island Number 1, and being thereby entitled under the laws of the state of Washington to the preference right of purchase to the tide lands hereinafter described, do, for and in consideration of the sum of one dollar to them in hand paid, the receipt whereof is hereby acknowledged, convey and quit-claim to the said party of the second part, its successors and assigns, the undivided one-half interest in the following described tide lands, together with the preference right of purchase of the same, under the laws of the state of Washington, to wit: [Description.] Together with all the rights and privileges in connection therewith, together with the preference right of the purchase thereof from the state of Washington, under existing laws.

"To Have and to Hold the same unto the said party of the second part, its successors and assigns forever. Second party as part consideration of this deed agrees to pay one-half of the costs and expenses incurred in making application and obtaining title to said lands from the state, also to accept and receive this deed to the undivided one-half of said lands in full payment of the subsidy subscribed by first parties to it, this being the subsidy subscribed; and further divide said lands equally between the parties hereto, each party paying one-half of the expense. Division of said lands to be made prior to the date when the first payment to the state must be made."

It is further alleged that, by assignment, the rights of said Seattle & Lake Washington Waterway Company have been transferred to the plaintiff, and that he is now the owner

of an undivided half of the interest in the lands set forth in the said instrument. It is also alleged that the defendants, in March, 1897, caused the commissioner of public lands for the state of Washington to execute and deliver to them a certain contract of sale for a portion of said lands, the same being described; that the plaintiff is, and has been, ready and willing to comply with all conditions required of him as grantee of the interest aforesaid, and has demanded of the defendants that they procure to be issued contracts from the said commissioner for the remainder of the lands; that he has further demanded a partition of the lands equally between himself and the defendants, and has offered to pay one-half of the expenses thereof; that such demand for division and such offer to pay one-half of the expenses occurred prior to the date when other contracts for other portions of said lands were obtained by defendants from the state of Washington, and prior to making the first payment thereon to the state; that defendants refused to render any statement of such expenses, or to make any division of the lands. The relief demanded by the complaint is that defendants shall be required to render a full account of the expenses incurred in obtaining the contracts from the state, and that when such account has been taken and the amount due from plaintiff ascertained, then upon payment of the amount into the registry of the court, the defendants shall be required to make a division of the lands.

A general demurrer to the complaint was overruled, and the defendants thereupon answered with denials, and also affirmatively alleged that the only deed, indenture, or contract they ever made in the premises with the said company was made in pursuance of, and as part of, a subsidy subscription to said company, the consideration for which was that the company should construct a canal connecting Lake Washington with Puget Sound. The answer then proceeds as follows:

"That the said Seattle and Lake Washington Waterway Company issued a pamphlet entitled 'Lake Washington Ship Canal,' addressed to the citizens of King county, wherein to use the language of the said pamphlet, 'The importance, feasibility and immense benefits of this canal, locally, and nationally,' were thoroughly set forth and which pamphlet concluded with the following paragraphs: 'The forests, coal and iron mines situated almost upon the shores of the lake, would practically be brought to the waters edge, and deep sea going vessels or small craft could be loaded with lumber, ores or coal at a minimum cost.'

" 'Returning to the manner by which the cost of the Lake Washington Ship Canal is to be provided for, it will readily be seen that it is absolutely necessary that this company ask from the land owners and others directly benefited by its construction such reasonable subsidies as may be necessary to cover the costs of extra expenditures entailed.'

" 'The construction of locks, as well as maintenance and securing of right of way would amount to a considerable sum. In view of the vital importance of this canal and the immense benefits which will accrue from its construction, it would seem that, as a mere business proposition devoid of all local patriotism, this matter will appeal forcibly and logically to every land owner, business man and citizen of King county. The subsidies are not solicited upon the proposed building of these waterways, but payment of the same is positively made contingent upon their actual and final completion.' "

It is then alleged that, in pursuance of the statements and proposals in said pamphlet contained, the defendants offered and agreed to donate to said company as a subsidy for constructing said canal, riparian rights in said tide lands. A written offer to that effect is set forth in the answer, the same being as follows:

"As owners of the large island at the head of Elliott Bay, known as the Kinnear and Brawley Island, we agree to donate to Lake Washington Waterway and Ship Canal Co., as a subsidy for cutting a canal from head of Elliott Bay to Lake Washington, one-half of all our riparian rights extending north from said island."

It is alleged that the above offer was accepted by said company, the plaintiff's assignor, and that in pursuance of such offer and acceptance, and as a part of the same transaction, the instrument sued on in this action was executed; that the sole consideration therefor was the construction of the ship canal as proposed in said pamphlet, and that the instrument was executed in full reliance upon, and with full faith in, the said pledge of said company; that the instrument was made with the full faith and belief on the part of defendants that said company would construct said canal in a reasonable time; but that almost seven years have since elapsed, and no part of said canal has been built; that the plaintiff had notice of all these facts prior to the assignment to him of said contract and the interest therein; that he is now asking the court to compel the defendants to surrender to him a one-half interest in the contracts which they hold from the state for the purchase of lands described in the complaint, without having done anything to earn the same.

A general demurrer to the affirmative defense was sustained, and the cause was tried without proofs in support of the affirmative defense. The court made findings of facts and conclusions of law, and entered a decree to the effect that the plaintiff shall pay to the defendants, or into the registry of the court, one-half of the costs and expenses incurred by the defendants on account of the contracts with the state for said lands, and the cause was referred to James McNeny, as referee, to take testimony and report his findings and conclusions upon that subject. The decree also declares that the plaintiff is the owner of a one-half interest in said tide land contracts, and provides for the partition of the lands. The defendants have appealed from the judgment.

It is first insisted that the court erred in overruling the demurrer to the complaint. This is urged upon the alleged ground that the complaint improperly joins three causes of action, viz., for an accounting, for specific performance, and for partition. The demurrer was general, however, and what-

ever might be said upon the merits of this question, we think
the demurrer did not sufficiently raise it. Under our statute,
Bal. Code, § 4942, several causes of action may be united
in the same complaint when they arise out of contract express
or implied, and the question of improper joinder is made a
distinct and special ground for demurrer. Bal. Code, § 4907.
The general demurrer did not, therefore, challenge the court's
attention to this objection, and it was not error to overrule
it on the ground here urged.

The next assignment is that the court erred in sustaining
the demurrer to the affirmative defense. This presents a
more serious question, and we think the contention of ap-
pellants must be upheld. Respondent contends that the in-
strument set out in the complaint is an absolute deed, con-
veying an undivided half interest in the preference right to
purchase the tide lands therein described, and that he is
entitled to relief accordingly. The instrument shows upon
its face, however, that it was made in pursuance of a sub-
sidy subscription, and the defendants have the undoubted
right to show a failure of the consideration for the subsidy.
It also shows that the appellants did not then have title to
the lands which they could convey. They held only a prefer-
ence right to purchase them from the holder of the title, the
state of Washington, and they manifestly could do no more
than agree that when title was acquired from the state, it
should inure in whole or in part to the benefit of another.
It matters not that the instrument may have been called a
"deed." It was, in effect, no more than an agreement that
appellants would cause a certain interest to be transferred
to plaintiff's assignor when they acquired title from the state.
The instrument shows that it was made as an agreement for
subsidy purposes, all the terms of the subsidy not appearing
therein, and appellants may show by answer what those terms
were, and whether the consideration for their agreement has
failed. *Sorrells v. McHenry,* 38 Ark. 127; *Morrow v. Han-
son,* 9 Ga. 398, 54 Am. Dec. 346; *Jones v. Buffum,* 50 Ill.

277; *Jones v. Hathaway,* 77 Ind. 14; *Simpson Centenary College v. Bryan,* 50 Iowa 293; *Dodge v. Oatis,* 27 Kan. 762; *Rice v. Goddard,* 14 Pick. 293.

Appellants cite many other authorities upon this subject, but it would seem that further citation here is unnecessary. The instrument upon which the suit is predicated shows that it embodied an agreement by appellants to give a subsidy, and the answer alleges facts which, if true, disclose an absolute failure of consideration therefor. We think it states a complete defense. If appellants' agreement in the premises was made solely in consideration that the proposed Lake Washington canal should be built, and under the inducements and promises in the answer set forth, then the judgment of the trial court takes their lands from them and gives them to respondent without requiring him to render any compensation whatever in return. The mere statement of the proposition seems to us unconscionable. It is proper to say that the record shows that the judge who tried the cause did not pass upon the demurrer. He tried the cause upon the pleadings as theretofore settled, and expressed himself at the time he directed the decree as not fully satisfied with the result.

The judgment is reversed, and the cause remanded with instructions to vacate the judgment, and overrule the demurrer to the answer.

MOUNT, C. J., ROOT, CROW, DUNBAR, and FULLERTON, JJ., concur.