SECURITY INSURANCE COMPANY *v.* JAGGERS *et al.*

Opinion delivered October 25, 1915.

1. GUARANTY AND SURETYSHIP—RIGHT OF UNDISCLOSED PRINCIPAL.—Defendant J. with sureties executed a bond to the general agent of appellant insurance company, conditioned upon the faithful performance by J. of certain duties for the doing of which he was employed. *Held*, the bond being executed to the general agent of appellant, but for appellant's benefit, that appellant might sue on the same, although it was not disclosed in the bond that it was for appellant's benefit.

2. PLEADING AND PRACTICE—DEMURRER TO COMPLAINT—CONSIDERATION OF EXHIBITS.—In an action on a bond, where the same is filed as an exhibit to the complaint, it will be considered upon a demurrer to the pleadings.

3. INSURANCE—BOND OF AGENT—LIABILITY.—Under a bond executed by a fire insurance agent, and rendering him liable for the faithful performance of certain duties, *held*, the agent was not personally liable for losses occurring in policies issued by him on prohibited risks.

Appeal from Lawrence Circuit Court, Eastern District; *D. H. Coleman*, Judge; affirmed.

STATEMENT BY THE COURT.

The appellant, an insurance company, brought suit against J. N. Jaggers, as principal, and the sureties on his bond given to secure the faithful performance of his duties as local fire insurance agent to T. A. Manning, as general agent for the Security Fire Insurance Company.

The complaint alleges that the insurance company, through it's general agent, T. A. Manning, appointed J. N. Jaggers its local fire insurance agent, at the town of Walnut Ridge, with authority to sign, issue and deliver policies of insurance, on the property in said town, in accordance with the rules and regulations of said company and that said defendant agreed in accepting said agency, to faithfully perform his duty as said agent, in compliance with the instructions of the general agent, through his proper representatives.

It then states that Jaggers and his sureties, executed the bond, conditioned for the faithful performance of his duties, by Jaggers the agent and that "They would

pay to said general agent all moneys due from said J. N. Jaggers and would reimburse said general agent for all expenses occasioned by any delinquency or failure on the part of said J. N. Jaggers to comply with the conditions of said bond and attached a copy of same to the complaint and made it a part thereof as 'Exhibit A.' ''

It states further that J. N. Jaggers delivered two policies of insurance to certain persons, the owners of property that were prohibited risks, insuring one in the sum of $1500 and the other for $400; that the agent was without authority to issue such policies, was notified to cancel and have them returned, as he was authorized to do under the provisions of the policies, and failed to do so. That a loss occurred under both policies for which the insurance company became liable, and which it adjusted, agreeing to pay to Fletcher Bros. $1326.87 under one policy and to W. A. Bynum $400, under the other policy. That it incurred the expense of sending the adjuster to Walnut Ridge for the adjustment of the loss of $50 and "plaintiff states that the defendants, J. N. Jaggers, E. H. Tharp, and J. C. Hall are liable to it to the extent of $300 on the said bond heretofore mentioned, because said loss was sustained by reason of the failure of said Jaggers to faithfully perform his duties as agent in compliance with the instructions of the general agent, in that said Jaggers did not faithfully perform his duties as such agent, and did not comply with the instructions of the general agent in writing said policies, which were on the prohibited list, and also in failing to cancel said policies after instructions to do so from said general agent."

The bond is conditioned as follows: "The condition of this obligation is such, that, whereas, the above-named J. N. Jaggers, having been appointed by said general agent as his agent for the town of Walnut Ridge, County of Lawrence, State of Arkansas, and as such agent will receive divers sums of money, policies, chattels and other effects, the property of said T. A. Manning, general agent, and J. N. Jaggers, being bound to keep true and

correct account of the same, pay over such money correctly, and make regular reports of the business transacted by him to the said T. A. Manning, general agent, and in every way faithfully perform the duties as agent in compliance with the instructions of the general agent through his proper representatives, and at the end of the agency by any cause, whatever, shall deliver up to the said general agent or his authorized representatives, all moneys, policies, books, and property due from or in his possession.

"Now, therefore, if the said J. N. Jaggers shall promptly pay to the said general agent the moneys received from time to time, and shall well and truly perform all and singular the duties as agent of said general agent, in accordance with the instructions of said general agent, as given or made known by him or his proper representatives, for and during which time he officiates as agent, and shall deliver all property, which he may receive and hold as agent, to his successors in office, or to such person as the general agent or his authorized representative may direct, and reimburse said general agent for all extra expense occasioned by any delinquency or failure to comply with the foregoing conditions, then this obligation shall be null and void, otherwise, to remain in full force and virtue."

The appellees interposed a demurrer to the complaint, which was sustained and the complaint amended and the demurrer again renewed. It was again sustained and appellant standing upon his complaint, it was dismissed, from which judgment it prosecutes this appeal.

*Cockrill & Armistead* and *H. L. Ponder,* for appellant.

1. Manning had the right to sue. Kirby's Dig. § 6002; 76 Ark. 558; 78 *Id.* 327. The bond was made to him for the benefit of the Security Fire Insurance Co. and the company had the right to sue. 117 Ark. 372; 87 Ark. 374-378; *Id.* 434; 78 *Id.* 241; 50 *Id.* 433; 44 *Id.* 564; 37 *Id.* 463; Mechem on Agency, § § 768-770; 29

L. R. A. (N. S.) 472 note; 31 Cyc. 1598; 13 R. I. 117; 43 Am. Rep. 13.

2. Where there is uncertainty parol evidence is admissible to identify the real party in interest. 20 Cyc. 1430-1431; 28 Vt. 200; 65 Am. Dec. 234; 21 U. C. Q. B. 320; 56 Am. Dec. 137; 8 Gratt. (Va.) 174; Mechem on Agency, § 769; Story on Agency, § 410; 14 How. (U. S.) 446; 56 Mo. App. 657; 18 *Id.* 651; 21 Md. 489; 57 Fed. 463.

*J. N. Beakley, W. E. Beloate* and *O. C. Blackford,* for appellees.

1. This cause should be dismissed because it has not been abstracted as required by Rule 9. 57 Ark. 190; 58 *Id.* 448.

2. The order sustaining the demurrer is not a final judgment. 117 Ark. 393.

3. The court had no jurisdiction. Appellant had paid out only $50 when suit was commenced. 34 Ark. 410; Kirby's Dig. § 6033.

4. Parol evidence was not admissible. The words "general agent" were surplusage. Manning had no interest in the suit. 61 Ind. 241; 26 Minn. 43; Tiedeman Com. Paper, § 123; 2 Conn. 260; 36 Ark. 296. The written contract was complete within itself and its terms could not be varied by parol testimony. 112 Ark. 165; 80 *Id.* 505; 102 *Id.* 575; 112 Ark. 1.

5. The bond was personal to Manning and he had no interest.

KIRBY, J. (after stating the facts). (1) The allegations of the complaint show that the bond was executed by the local agent Jaggers to the general agent of appellant insurance company, for its benefit and although it was not disclosed therein as the principal or person for whose benefit the bond was executed, it nevertheless had the right to bring suit thereon. *Mass. Bonding Co.* v *Higgins,* 117 Ark. 372; *Miss. Valley Const. Co.* v. *Abeles,* 87 Ark. 374; *Bryant Lumber Co.* v. *Crist,* 87 Ark. 434; *Frazier* v. *Poindexter,* 78 Ark. 241; Mechem on

Agency, Secs. 768-770; *Shields* v. *Coyne,* 29 L. R. A. (N. S.) 472; note, 31 Cyc. 1598.

(2) The action is founded on the bond of appellees, which was filed as an exhibit to the complaint and may be considered upon demurrer to the pleadings. Section 6128 Kirby's Digest; *Sorrells* v. *McHenry,* 38 Ark. 127; *Euper* v. *State,* 85 Ark. 223.

(3) Under the terms and conditions of the bond, Jaggers as principal, was bound to keep a true and correct account of all moneys received by him for the insurance company and to pay same over, to make a report of the business transacted and in every way faithfully perform the duties as agent in compliance with the instructions of the general agent, through his proper representatives and at the end of the agency deliver up to the said general agent, or his representatives, all money, policies, books, and property due from him or in his possession, and it was further provided that if he should do so, and reimburse said general agent for all extra expense occasioned by any delinquency or failure to comply with the foregoing conditions, the obligations should be void.

It does not appear to contemplate that the agent should be bound to the payment of losses occurring on policies issued on prohibited risks by him and does not in the opinion of the court, bind him to any such payment.

The complaint therefore did not state a cause of action and the court committed no error in sustaining the demurrer.

The judgment is affirmed.