## Cox v. Thane.

Opinion delivered March 5, 1923.

PUBLIC LANDS—EFFECT OF HOLDING CERTIFICATE TO SWAMP LANDS.— Where, in an action to quiet title to swamp land, defendant claimed through a holding certificate issued in 1852, and plaintiff through a patent issued in 1920 on the assumption that the holding certificate had been surrendered and a refunding certificate issued therefor, which was evidenced by a pencil notation in the column headed "Remarks," a finding that defendant's title was valid will be upheld.

Appeal from Chicot Chancery Court; *E. G. Hammock,* Chancellor; affirmed.

*Joe H. Thompson* and *J. S. Utley,* for appellant.

1. The burden of proof was on appellee to overcome the presumption in favor of appellant raised by the issuance of the swamp land patent. 55 Ark. 286; 75 Ark. 419; 94 Ark. 221. The effect of the pencil notation on the original records showing that Ferguson surrendered his holding certificate, and accepted in lieu thereof a refunding certificate, cannot be ignored. Crawford & Moses' Digest, §§ 6610, 6613-14, 6766-69, 6774-75, and 9858.

2. The State will not be estopped by the unauthorized acts of her officers in listing the lands for taxes, etc. 93 Ark. 490; 54 Ark. 251; 48 Ark. 426; 42 Ark. 118; 40 Ark. 251; 39 Ark. 580.

*Streett, Burnside & Streett,* for appellees.

1. The pencil notation can have no effect as a record, and, in the light of the evidence in this case, it can have no probative force. 135 Ark. 238.

2. This court has consistently held to the doctrine of presumption of grant from the sovereign, where there was a legal commencement of possession by the claimants, and that possession together with payment of taxes has been long continued and uninterrupted. 114 Ark. 62; 135 Ark. 232; *Id.* 353; 149 Ark. 189.

Smith, J. Appellant filed a bill in the chancery court of Chicot County, alleging that he was the owner of two quarter sections of land there described situated in that county. He claimed title under the swamp land grant to the State from the United States, approved September 28, 1850, and a swamp land patent to him from the State dated April 16, 1920. There was an allegation that the lands were wild and unimproved, and that Henry Thane, the defendant, claimed some interest in the land, to the plaintiff unknown, and there was a prayer that the plaintiff's title to the land be quieted and confirmed.

Thane filed an answer disclaiming any interest in the land; but the Desha Bank & Trust Company filed an intervention and cross-complaint, in which title thereto was asserted. The intervener claimed title as follows: That a patent issued from the United States to the State of Arkansas on January 3, 1880. That on February 21, 1852, William T. Ferguson purchased said land from the State of Arkansas, and paid the purchase price in full and received a certificate of purchase therefor designated as a holding certificate. That immediately after this sale to Ferguson, the State caused the lands to be listed for taxation upon the taxbooks of Chicot County, and the State has since continuously assessed and attempted to collect the taxes thereon. That the lands were included in the overdue tax suit on account of the nonpayment of certain taxes, and were sold under the provisions of that decree to D. H. Reynolds. This sale was duly confirmed, and Reynolds received the commissioner's deed, which was also confirmed, and, by mesne conveyances, the Desha Bank & Trust Company has acquired the Reynolds title. There was a prayer that the plaintiff's title be canceled, and that relief was awarded, and this appeal is from that decree.

The records of the State Land Office were carefully examined by the witnesses, and from the depositions and stipulations the following facts appear from those records. A holding certificate was issued February 21, 1852, to Williams T. Ferguson for the lands in question. That certificate evidenced the fact that Ferguson had paid the purchase price demanded for the lands and was entitled to a patent from the State as soon as the State itself obtained a patent from the United States. *Coleman* v. *Hill*, 44 Ark. 452. But, as has been said, the State itself had not at that time obtained a patent from the United States.

The record showing the issuance of a holding certificate to Ferguson is the "Record of Certificates of Purchase," and was made in ink. In the column headed

"Remarks," after the entry showing issuance of a holding certificate to each of the tracts of land in litigation, there appears a pencil notation to the following effect: "Refunding certificate July 6, 1863."

The law permitted one to surrender a holding certificate and to take, in lieu thereof, a refunding certificate, which certificate entitled the holder thereof to enter a corresponding amount of swamp land; and when one took a refunding certificate for a holding certificate, that action operated to cancel the holding certificate.

The State Land Department acted upon the assumption that the pencil notation evidenced the fact that Ferguson had surrendered his holding certificate, thereby canceling his entry of the land, and leaving it vacant and subject to sale; and, upon this assumption, issued to Cox the patent upon which he bases this suit. Was this assumption warranted under the facts of this record?

These are as follows: The tax records of Chicot County from 1853 to 1869 are missing from the office where they should be kept; but the certificate of the county clerk shows that the lands have been continuously listed for taxation since 1869. The lands were included in the overdue tax decree, and were sold under its provisions.

Although, as we have said, the law provided for the surrender of a holding certificate and the acceptance of a refunding certificate in lieu thereof, there is no showing as to the authority by which the notation was made that a refunding certificate had issued except its appearance under the head of "Remarks." There was a record then in use, and still in use, in the State Land Office in which the issuance was noted of all refunding certificates; and if a refunding certificate was in fact issued to Ferguson, an entry thereof should have been made in this record, but none appears. Refund-

ing certificates were numbered as issued, and the pencil notation makes no reference to any number.

There was testimony to the effect that in 1915 a deputy land commissioner and a clerk in that office prepared an abstract of all the records of the State Land Office concerning swamp and overflow lands in Chicot County for an abstracter residing in that county. An official certificate was then made attesting the correctness of this copy of the records. The deputy who made this copy and certificate was asked if his copy showed this pencil notation, and he stated that it did not. When asked why he did not show it on his copy of the records, he answered that there might have been two reasons. One was that, if the notation was on the record at the time the copy was made, it was disregarded as not being a permanent record on account of its being made in pencil. The other reason was that the notation might not then have appeared on the record. He had no independent recollection whether that was true or not. He also testified that, if the holding certificate had been surrendered, and the refunding certificate issued in lieu thereof, a notation should properly have been made in ink, giving the date of the certificate and its number, so that it could be referred to by number. And, as we have said, there was also a permanent record in which entries were made showing the issuance of such certificates; but this record contains no entry indicating that a refunding certificate issued in lieu of the holding certificate.

Ferguson died March 19, 1863, which was, of course, prior to the date on which the notation shows the refunding certificate issued. It is true these certificates were assignable, and Ferguson's assignee might have surrendered the holding certificate and have obtained the refunding certificate; or his legal representatives might have done so; but the fact that the assignee of the entryman, or his legal representatives, rather than the entryman himself, surrendered the certificate, would ap-

pear to make it more probable that some record would have been made of that fact, if this had been done.

There was testimony tending to show that the land was in actual cultivation many years ago, before the location of the levee was changed leaving the land on the outside of the levee and unprotected from the overflows of the Mississippi River. And it was also shown that, with the exception of a few omissions, the taxes had been paid since 1869, and since 1885 have not been delinquent, and since 1894 have been paid without a break by appellee and its predecessors in title.

The court found from these facts that the probative value of this pencil notation was not sufficient to overcome the authentic records of the Land Office showing that Ferguson had entered the lands, and had obtained a holding certificate therefor, and that the State's title now stood as it did when the holding certificate issued, and that appellee, as the owner of the Ferguson title, was entitled to a patent; and, upon this finding, canceled the patent to appellant as a cloud upon appellee's title.

We cannot say this finding is clearly against the preponderance of the evidence. In the case of *State* v. *Taylor,* 135 Ark. 232, we had occasion to consider the effect to be given a pencil notation similar to the one under consideration here. In that case, as in this, there was no showing when or by whom the notations were made, nor any statute providing that such notations should be evidence of the matters contained in them. We held that, although the notation had no force as a record, still the entry was not without probative force. So here the pencil notation does have probative value, but that value is overcome by the other evidence in the case, and the decree of the court below is affirmed.