HOME INDEMNITY COMPANY OF NEW YORK *v.* BOBO.

4-2756

Opinion delivered November 28, 1932.

*Buzbee, Pugh & Harrison,* for appellant.
*Coleman & Gantt,* for appellee.

McHANEY, J. Appellee secured a judgment in the Jefferson Circuit Court against C. A. Webkes and wife in the sum of $5,000, for injuries sustained by her in an automobile accident while a guest in their car. After execution was returned *nulla bona,* suit was brought against the Southern Surety Company, because of a policy of liability insurance issued by it to the Webkes, and

against appellant, the Home Indemnity Company of New York, hereinafter referred to as appellant (the other appellants being garnishees holding money belonging to it), as surety on the bond of the Southern Surety Company to enable it to do business in this State. The complaint in this action, after alleging the judgment against the Webkes, the issuance of execution thereon, its return unsatisfied, and that appellee was entitled to judgment against the Southern Surety Company in said sum, further alleged as to appellant the following: "That, as a prerequisite to its right to do business in the State of Arkansas, the defendant, Southern Surety Company of New York, gave a bond to the State of Arkansas in the sum of $50,000, conditioned for the prompt payment of all claims and obligations arising or accruing in this State to any person during the term of said bond, by virtue of any policy or contract issued by said principal, Southern Surety Company of New York, such as the claim or obligation now sued on, which bond was in full force and effect on and at all times after the 29th day of December, 1930, the time of plaintiff's injuries, and was signed by the defendant, the Home Indemnity Company of New York, as surety for the said Southern Surety Company of New York. A certified copy of said bond is attached to this complaint, and made a part thereof."

The bond executed by appellant and exhibited follows: "Know all men by these presents: That we, Southern Surety Company of New York, as principal, and the Home Indemnity Company, a corporation organized under the laws of the State of New York, as surety, are held and firmly bound unto the State of Arkansas in the sum of fifty thousand and 00/100 ($50,000) dollars, lawful money of the United States, for the payment of which well and truly to be made, we hereby bind ourselves, our successors and assigns, jointly, severally and firmly by these presents.

"The conditions of the above obligation are such that:

"Whereas: The said principal has filed its charter and statement and in other respects conformed to the requirements of the statutes for the transaction of a guaranty and surety insurance business in Arkansas; and,

"Whereas: The said company proposes to enter this State (or continue in this State) for the purpose of transacting a guaranty and surety insurance business.

"Now, therefore, if the said principal shall promptly pay, when due, all claims and obligations arising or accruing in this State by virtue of any bond or contract made by said principal; and all amounts due the State of Arkansas, by virtue of any statute, and in all respects comply with the laws of the said State, then this obligation shall become void, otherwise to remain in full force and effect.

"Witness our hands and seals this 17th day of December, 1930."

The prayer was for judgment and interest. Neither the Southern Surety Company nor appellant answered, although duly served, and judgment was taken by default against them after an agreement to settle had proved abortive.

This is an appeal from a default judgment, and the only question for our decision is, does appellee's complaint state a cause of action in her favor against appellant? As said by this court in *Thompson* v. *Hickman,* 164 Ark. 472, 262 S. W. 20: "The rendition of a judgment by default upon a complaint which fails to state facts sufficient to constitute a cause of action is an error for which the judgment should be reversed on appeal." See also *Wilson* v. *Overturff,* 157 Ark. 389, 248 S. W. 898. It is conceded that the complaint without the exhibit states a cause of action, but it is insisted that the exhibit is a part of the complaint, and, when so considered, it contradicts the allegation above quoted and shows that there is no liability as to appellant on this bond, when read in connection with act 493, Acts 1921, paragraphs 5 and 7 of § 1 and § 6, for the reason that it covers only the guaranty and surety lines written by the principal

and not its liability lines of insurance, for which another bond or certificate of deposit was given. We do not copy these provisions of the statute, for, in the view we take of the matter, they become unimportant.

By § 138 of the Civil Code it was provided that, "If the action * * * is founded on a note, bond, * * * the original, or a copy thereof, must be filed as a part of the pleading." Under this statute this court several times held that, if the instrument sued on was the basis of the action, it should be looked to in determining the sufficiency of the complaint. See *Sorrels* v. *McHenry,* 38 Ark. 134; *Euper* v. *State,* 85 Ark. 223, 107 S. W. 179; *Security Ins. Co.* v. *Jaggers,* 120 Ark. 472, 179 S. W. 1008. But the above section was amended by the act of March 27, 1871, p. 231, and is carried *verbatim* into Crawford & Moses' Digest as § 1222 as follows: "In an action or defense founded upon an instrument for the payment of money only, it shall be sufficient for a party to give a copy of the instrument, and to state that there is due to him thereon from the adverse party a specified sum which he claims." By inadvertence, the amendment of 1871 was omitted from both Sandel & Hill's Digest (§ 5752) and Kirby's Digest (§ 6128), and the opinion in *Security Ins. Co.* v. *Jaggers, supra,* erroneously cites § *6128* of Kirby's Digest as sustaining this statement: "The action is founded on the bond of appellees, which was filed as exhibit to the complaint and may be considered upon demurrer to the pleadings."

The cases holding that exhibits to the complaint in suits at law may be considered on demurrer or on appeals after default are now without statutory foundation, and we think the recent case of *American Ins. Co. of Newark, N. J.,* v. *Dutton,* 183 Ark. 495, 37 S. W. (2d) 875, definitely settles the question. We there said: "Counsel for appellant, in its motion for a rehearing, claims that the court did not take into consideration a clause of the insurance policy which is set out in the brief on the motion on rehearing. We do not deem it necessary to set out this provision of the policy, for, under our settled rule of

practice, we cannot consider it. It is true that the policy was made an exhibit to the complaint, but this court has uniformly held that in actions at law exhibits to the complaint can only be used as explanatory of the allegations of the complaint and not for the purpose of contradicting them.''

We are therefore of the opinion that the complaint states a cause of action sufficient to support a judgment on appeal after default.

Affirmed.