EUPER v. STATE.

Opinion delivered November 4, 1907.

1. APPEAL—DEFAULT JUDGMENT—QUESTIONS RAISED.—Upon a defendant's appeal from a judgment by default duly rendered against him, the only question for the consideration of the Supreme Court is whether the allegations of the complaint are sufficient to authorize the judgment.  (Page 225.)

2. PLEADING—EXHIBITS.—In an action at law exhibits are no part of the pleadings unless the action is founded on the written instrument exhibited.  (Page 225.)

3. SAME—SUFFICIENCY OF COMPLAINT ON ADMINISTRATOR'S BOND.—A complaint upon an administrator's bond which alleges that plaintiffs are the heirs of decedent, as well as the grant of the letters, the execution of the bond, the filing of the administrator's settlement, the probate court's order of payment and refusal to pay on the part of the administrator, states a good cause of action, although the order of the probate court, made an exhibit to such complaint, fails to show a valid order of payment as alleged.  (Page 226.)

4. JUDGMENT—INTEREST.—A judgment against an administrator and his bondsmen for a balance due to the intestate's heirs should bear only six per cent. interest from the time the probate court ordered the administrator to pay over such balance to the heirs.  (Page 227.)

5. APPEAL—COSTS.—Where a mistake in the judgment of the court below as to the rate of interest charged against appellants worked a substantial injury to their rights, appellees will be taxed with the costs of the appeal.  (Page 227.)

Appeal from Logan Circuit Court; *Jeptha H. Evans,* Judge; modified and affirmed.

*Winchester & Martin,* for appellants.

1. The complaint does not state a good cause of action, nor support the judgment. There is no allegation that creditors have been paid; no order of distribution can be made until judicial finding that the debts are paid. The order of the probate court settles nothing except the amount of liability. 47 Ark. 222. There is no allegation that there are sufficient assets to complete the administration with the fund sued for; such an adjudication being the "crucial test" and "essential allegation" for liability. 5 Ark. 468; 9 *Id.* 226, 244; 11 *Id.* 12; 21 *Id.* 405; 25 *Id.* 499; 27 *Id.* 445; 38 *Id.* 261; 47 *Id.* 222; 51

*Id.* 75. Besides, no bond was executed under § 161, Kirby's Digest.

2.   Exhibit C is the foundation of appellee's suit and part of the pleadings, and governs the allegations in the complaint. 33 Ark. 593, 543; 53 *Id.* 476; 34 *Id.* 534, 531.   The complaint therefore shows no cause of action.   47 Ark. 222; 40 *Id.* 442; 46 *Id.* 260; 14 *Id.* 171; 5 *Id.* 468; 11 *Id.* 12, etc.

3.   The judgment is excessive and void.   65 Ark. 122. The court arbitrarily gave judgment for interest from the date of the order of the probate court.   This was error.   Kirby's Dig. § 161.

*Carmichael, Brooks & Powers,* for appellees.

1.   This court can easily determine the amount due each plaintiff from the record and judgment; and, if it can do so, it will affirm.   46 Ark. 266.

2.   In the absence of an affirmative showing to the contrary the decision of the lower court is presumed correct.   2 Ark. 14; Crawford's Digest, vol. 1, p. 142; 35 Ark. 438.

3.   Exhibit C was no part of the complaint or pleadings. It was only *part* of the proof.

HART, J.,   This suit is an action on the bond of W. L. Euper, administrator of the estate of Fred. Swint, deceased. The original complaint was filed May 17, 1906.   A demurrer to it was filed August 22, 1906.   The record does not disclose that any disposition was ever made of this demurrer.   On December 28, 1906, an amended complaint was filed, which is set out in full.   It alleged that "Fred. Swint departed this life February, 1899, whether testate or intestate does not appear, leaving him surviving his widow, Lizzie Swint, and two minor heirs, Ethel and Emmett, of the respective ages of 13 and 6 years, and at the time of his death he owned about $2,000 in personal property; that on the 27th day of January, 1900, the defendant, W. L. Euper, was, by the Logan Probate Court, appointed administrator of the estate of the said Fred. Swint, deceased, and on the same day said W. L. Euper filed his bond as such administrator in the sum of $3,000, with B. Fible and R. P. Harris as sureties and took charge of said Fred. Swint estate.   *   *   *   That on the 11th day of February, 1902, the

probate court ordered said administrator to file a new bond
in said estate, which was done on the 26th day of May, 1902,
with Isaac Peck, Robert P. Harris and Benno Stein as sureties.
* * That on the .... day of .............., 190..., J. W.
Skinner was, by the probate court of the Southern District of
Logan County, appointed and qualified as guardian of the
minors, Ethel and Emmett Swint. That on the 27th day of
August, 1904, said administrator filed settlement, and the court
found that he was indebted to said estate in the sum of $970.17,
and ordered said amount paid over to the qualified guardians of
said minors, Ethel and Emmett Swint, less the dower of one-
third, which was ordered paid to the widow, Mrs. Lizzie Swint,
a copy of [which] said order and judgment of the probate court
is hereto attached and made a part hereof and marked 'Exhibit
C'. That the defendant, W. L. Euper, has now for more than
12 months neglected, failed and refused to pay said plaintiffs
the said amounts so ordered by the said probate court. Where-
fore plaintiffs pray judgment against W. L. Euper and his
sureties on his administrator's bond in the said sum of $970.17,
together with the interest thereon at the rate of 10 per cent.
per annum from August 27, 1904, until paid, and all their costs
herein laid out and expended."

There was a judgment by default in favor of plaintiffs,
and defendants appealed.

The only question for consideration of the Supreme Court
upon a defendant's appeal from a judgment by default duly
rendered against him is whether the allegations of the com-
plaint are sufficient to authorize the judgment. *Benton* v. *Hol-
liday*, 44 Ark. 56.

Kirby's Digest, § 6128, provides that "if the action, counter-
claim, or setoff is founded on a note, bond, bill or other writing
as evidence of indebtedness, the original copy thereof must be
filed as a part of the pleading." Counsel for appellants claim
that Exhibit C, the order of payment made by the probate
court, is the foundation of appellee's action, and is therefore a
part of the pleadings, and governs the allegations in the com-
plaint. If appellant's contention is true, the cause should be
reversed; for, if the Exhibit C controls the averments of the
complaint, no valid order of payment is alleged. But we do not

regard the order of payment as the foundation of the action. It is a suit on the bond of an administrator.

In a suit on an administrator's bond, in the case of *Phillips* v. *Governor*, 2 Ark. 382, the court said: "The injuries resulting from the nonperformance of the condition of the bond do not appear until some special breach or breaches are suggested and assigned. * * * The breaches assigned are considered as the gravamen or real foundation of the recovery."

The probate court may make an order of payment within two years after the date of letters of administration, but no cause of action arises on the bond of the administrator until the bond required by statute is given by the distributees and a demand for payment and a refusal on the part of the administrator. In every instance in this State of a case similar to this, the Supreme Court in its opinions has referred to it as an action on the bond of the administrator, and his failure to perform the orders of the probate court has been assigned as a breach of the bond. *Morton* v. *State*, 25 Ark. 46; *Baker* v. *State*, 21 Ar. 405; *State* v. *Roth*, 47 Ark. 223; *Padgett* v. *State*, 45 Ark. 495. In the case of *State* v. *Bartlett*, 68 Mo. 581, the court said: "The breach of the bond as copied above was sufficiently assigned; and, the settlement of the former administrator alluded to in the petition being a mere instrument of evidence to be used in support of the alleged breach of the bond sued upon, it was not necessary to file it with the petition as a part thereof." Even learned counsel for appellant use the following language in their abstract: "The suit is based on the bond of W. L. Euper, administrator of the estate of Fred. Swint, deceased."

We are of the opinion that the suit is not founded on the order of payment made by the probate court, but that it is an action on the bond, and that the order of the payment is merely evidence to be used in support of the alleged breach of the bond.

Having reached this conclusion, it follows as a necessary consequence that Exhibit C is no part of the complaint; for it is well settled in this State that in an action at law exhibits are no part of the pleadings unless the action is founded on the written instrument exhibited. *Sorrells* v. *McHenry*, 38 Ark. 127.

The complaint avers the capacity in which plaintiffs sue, the grant of letters, the execution of the bond and the time

from the date of the letters to the order of the payment, and sufficiently alleges the order of payment and the refusal to pay on the part of the administrator.

The circuit court erred in rendering judgment with interest at 10 per cent. The judgment should be for interest at 6 per cent. from the 27th day of August, 1904, the date of the order of payment made by the probate court as shown by the complaint.

The clerk is directed to modify the judgment. This error being a substantial injury to the rights of appellants, appellees will be taxed with the costs of this appeal.

Judgment affirmed with modification.

HILL, C. J., (dissenting). It is admitted on all sides that in equity exhibits to pleadings form part thereof and are considered on demurrer and when testing a complaint to sustain a default judgment, while at law exhibits are only parts of the pleadings when they are the foundation of the action or defense. This seems a difference without a common-sense reason for it; but, accepting it as settled, then the question here is whether the exhibit, which is a copy of the order of the probate court, is the foundation of the action.

In *State* v. *Roth*, 47 Ark. 222, it was decided that, before an action on an administrator's bond could be sustained, there must be an order of probate court directing him to pay over the sum sued for to the parties suing. This order is a prerequisite to such action, and, in fact, the action is bottomed upon it; and a failure to obey it constitutes a breach of the bond, and is actionable. Therefore it follows that the order is the foundation of the action, and should be looked to as a part of the complaint and the controlling part of it. If that is done, then it is found that the complaint at bar is not true, and there is no order of payment to the suing parties nor any one else, but merely an adjustment of the amount due from the administrator, subject to a contingency therein mentioned.

There is no showing of the debts having been paid and the distributees being entitled to the assets of the estate. In fact, none of the essentials to a distribution of the estate is shown in the order or complaint, and the judgment by default can only be supported by an untrue allegation in the complaint, aided by

a presumption, all of which should give way to the truth, which is shown in the exhibit.

Mr. Justice WOOD concurs in this dissent.