## NEIMEYER *v.* CLAIBORNE.

### Opinion delivered July 6, 1908.

1. INSURANCE—FORFEITURE—WAIVER.—Where a fire insurance company was notified by a policy holder that he had taken out additional concurrent insurance on the property, to which it made no objection, it will be deemed to have waived any forfeiture on account thereof, even though the policy stipulated that "the company shall not be bound by any act or statement made by an agent or solicitor unless inserted in this policy." (Page 77.)

2. SAME—COMPLAINT ON BOND—SUFFICIENCY.—A complaint on an insurance company's bond, whose allegations were sufficient to admit evidence of a bond executed under Kirby's Digest, § 4339, and which alleges that the bond was duly executed and sets out a breach thereof, states a cause of action, though it fails to set forth the original bond or a copy thereof, as such defect is one of form, and could have been remedied by a rule of court on motion of defendants. (Page 78.)

3. APPEAL—JUDGMENT BY DEFAULT.—Upon appeal from a judgment by default, the only question raised is whether the allegations of the complaint were sufficient to authorize the judgment. (Page 79.)

4. VENUE—SUIT ON BOND OF INSURANCE COMPANY.—Under Kirby's Digest, §§ 4376, 4377, a suit upon the bond of a fire insurance company may be brought in the county where the loss occurred, and service may he had upon the sureties therein in any county of the State. (Page 79.)

Appeal from Garland Circuit Court; *W. H. Evans,* Judge; affirmed.

### STATEMENT BY THE COURT.

Judgment by default was rendered against appellant on the following complaint:

"Comes Mrs. M. A. Claiborne, in her own behalf and as administratrix of the estate of D. W. Claiborne, deceased, and by

leave of the court first had and obtained, in lieu of and as a substitute for her amended complaint herein, states: That she is the widow of D. W. Claiborne, who departed this life on the first day of January, 1905, and that she was duly appointed by the probate court of Garland County administratrix of his estate on the .......... day of ................., 1906. That the defendant Security Mutual Insurance Company was, at the time of the issuance of the policy herein sued on, and at all times subsequent thereto, a corporation organized and doing business under the laws of the State of Arkansas.

"That, as a prerequisite to its right to do business in the State of Arkansas, the defendant Security Mutual Insurance Company gave a bond to the State of Arkansas in the sum of twenty thousand ($20,000) dollars, conditioned for the prompt payment of all claims arising and accruing to any person during the term of said bond, by virtue of any policy issued by said defendant upon any property situated in this State, which bond was in full force and effect on and all times after the 7th day of April, 1903, and was signed by the defendants Alex C. Hull, Damon C. Clarke, Geo. B. Allis and Chas. Neimeyer, sureties for the Security Mutual Insurance Company. That the said D. W. Claiborne on the 7th day of April, 1903, and at all times subsequent thereto to the date of his death, was the owner as tenant by entirety and in fee simple of the premises in the city of Hot Springs, Arkansas, known as numbers 303 and 305, Ouachita Avenue, in said city, and of the buildings and improvements erected thereupon, and was also the owner of the household furniture therein contained. That in and by its certain policy of insurance numbered 3499, duly executed by said defendant Security Mutual Insurance Company on the 7th day of April, 1903, and delivered to said D. W. Claiborne said defendant, in consideration of the sum of forty-five ($45.00) dollars to it then paid by said D. W. Claiborne, did insure him against loss by fire to the amount of one thousand ($1,000) dollars on his two-story frame dwelling and rooming house, and five hundred ($500) dollars on the furniture therein, which house was situated on a part of lot eight (8) in block ninety-seven (97) and described as 303 and 305, Ouachita Avenue, in the city of Hot Springs, Garland County, Arkansas, and the said defendant in

and by the said policy of insurance did promise and agree to make good unto said plaintiff all such loss or damage, not exceeding in amount the sum insured as aforesaid, as should happen by fire to the property therein and herein specified during the term of three years from the 7th day of April, 1903, at twelve o'clock noon, and to be paid within sixty days after notice and proof thereof. A copy of said policy is hereto attached, marked "Exhibit A" and made a part hereof the same as if set out herein in full. That on the 12th day of September, 1904, said defendant, at the request of.D. W. Claiborne, made an amendment to said policy, by which amendment said defendant granted permission to said D. W. Claiborne until the first day of November, 1904, to make alterations and repairs under the usual precautions as to removing shavings and keeping the premises closed at night, and under and by virtue of this amendment to said policy the said D. W. Claiborne changed the house insured by said policy from a two-story to a three-story frame dwelling and rooming house. A copy of said amendment is hereto attached, marked "Exhibit B" and made a part hereof the same as if set out herein in full.

"That on the 21st day of January, 1905, the plaintiff requested the defendant Security Mutual Insurance Company to make an amendment to said policy stating that, D. W. Claiborne, the original owner of the property insured under said policy, being deceased, Mrs. M. A. Claiborne in her own right and as administratrix of the estate should be made the assured under said policy, and at the same time said defendant was notified by the plaintiff that the total amount of concurrent insurance on said building and furniture had been increased to the sum of $7,500, and demanded that these amendments be made to her policy, or that said policy be cancelled, and the unearned premium for the same be returned to her. And said defendant, at that time, promised to make these amendments to said policy,. and for the purpose of making said amendments said defendant kept said policy in its possession from the 21st day of January, 1905, until after the loss herein stated occurred, and that, if the said amendments were not made to said policy, it was due solely to the negligence of said defendant, and is in no wise chargeable to any failure or neglect on the part of this plaintiff. That on the

25th day of February, 1905, said dwelling house and rooming house and furniture were wholly destroyed by fire. That on the 21st day of April, 1905, the plaintiff made out and furnished to the defendant Security Mutual Insurance Company a correct written proof of her loss as required by the terms of said policy. That the said D. W. Claiborne and plaintiff were, at the time said policy was executed, husband and wife and the owners by entirety of said land and premises, and that upon the death of said D. W. Claiborne the plaintiff became and at the time of the loss herein mentioned was the absolute owner of the same, and that the furniture contained in said house and insured by said policy was the property of D. W. Claiborne until his death, and at the date of said fire belonged to his estate. That, by reason of said contract of insurance and loss of said property by fire, the defendant, Security Mutual Insurance Company as principal, and Alex C. Hull, Damon Clarke, Geo. B. Allis and Chas. Neimeyer, as sureties, became and now are indebted to the plaintiff, individually and as administratrix aforesaid, in the sum of fifteen hundred ($1500) dollars. That the plaintiff has duly performed all conditions required on her part by the terms of said policy, and that more than sixty days have elapsed since the delivery by plaintiff to said defendant of notice and proof of loss.

"Wherefore plaintiff prays for judgment against the defendants, the Security Mutual Insurance Company, and Alex C. Hull, Damon Clarke, Geo. B. Allis and Chas. Neimeyer, for fifteen hundred ($1500) dollars, together with all costs of this suit, and for damages and for a reasonable attorney's fee, and for all other and further legal and equitable relief.

The policy sued on and the by-laws of the Security Mutual Insurance Company were made "Exhibit A" to the above complaint and a part thereof.

Neither the original, nor a copy of the bond was made an exhibit and filed as a part of the pleading. This appeal is to reverse the judgment based on the above complaint.

*Buzbee & Hicks,* for appellant.

1. The amended complaint did not state a cause of action, but, on the contrary, affirmatively states facts that, under the stipulations of the policy with reference to concurrent insurance,

and with reference to the company not being bound by any act or statement of an agent not inserted in the policy, will prevent a recovery. Also because there is no allegation that appellant had waived a full and strict compliance with the terms of the policy.

2. No cause of action is stated against appellant on the bond. It appears from the complaint that the bond was executed for a specific term. The statute requires that such a bond be executed annually and renewed annually. Kirby's Dig. § 4339. The loss having occurred more than one year after the execution of the bond, it had by the statute and its own terms expired when the fire occurred.

3. The court was without jurisdiction of the person of appellant. Kirby's Dig. §§ 6060, 6072. If appellee desired to proceed against the insurance company and the bondsman jointly, she should have brought suit in Pulaski County—his place of residence.

*Hogue & Cotham,* for appellee.

1. A cause of action was stated. The law of this case, so far as the policy is concerned, and the alleged forfeitures, has been settled. 82 Ark. 150. The question here is, not whether the company was liable upon its policy of insurance, but whether the complaint stated facts sufficient to show that the company had given a bond which was in force when the loss occurred, and that appellant was a surety thereon. As to the amount of the liability, etc., appellant is concluded by the judgment against the company. *Id.* § 4376. Moreover, the court had jurisdiction of defendant. 79 Fed. 420. The complaint states that the company gave bond, etc., that it was in full force and effect on and at all times after the 7th day of April, 1903, and was signed by defendant Neimeyer. It is not now a question of evidence to sustain the allegation, but of the sufficiency of the statement to sustain the judgment by default, the presumption being that the necessary proof to support the judgment was taken. 23 Cyc. 763.

If there was error in pleading in failing to file the bond or a copy thereof with the complaint, it could not be reached by demurrer, but only by motion. 27 Ark. 369; 66 Ark. 480.

2. The statute authorizes bringing suit against an insur-

ance company in the county where the loss occurred. Kirby's Dig. § 4377. Sureties on the bond of an insurance company may be made parties defendant and final judgment rendered against them at the same time and in like manner as against the company. *Id.* § 4376. Moreover the court had jurisdiction of appellant under the general law of pleading and practice, this being a personal action against several defendants. *Id.* § 6072.

WOOD, J., (after stating the facts). First. One of the stipulations of the policy was: "If there is or shall be other prior, concurrent or subsequent insurance (whether valid or not) on said property, or any part thereof, without the company's written consent indorsed hereon, etc., this policy shall be held null and void." Another provision was: "By the acceptance of this policy, the assured covenants that the application hereof and the bylaws on the back of this policy shall be and form a part hereof, and a warranty by the assured, and the company shall not be bound by any act or statement made by an agent or solicitor unless inserted in this policy."

Appellant contends that the allegations of the complaint show affirmatively that appellee had no cause of action under the above provisions. True, the allegations of the complaint show forfeitures of the policy under the stipulations mentioned *supra,* but the allegations also show that there was a waiver of these forfeitures according to the doctrine of this court recently announced by Judge RIDDICK in *Arkansas Mut. Fire Ins. Co.* v. *Claiborne,* 82 Ark. 150, as follows: "Though the conduct of the insurer may not have misled the insured to his prejudice, or into an altered position, yet if, after knowledge of all the facts, its conduct has been such as to reasonably imply a purpose not to insist upon a forfeiture, the law, leaning against forfeitures, will apply the peculiar doctrine of waiver, invented probably to prevent them; and will hold the insurer irrevocably bound by an election to treat the contract as if no cause of forfeiture had occurred." The facts set up in the allegations of the complaint clearly constituted a waiver of the forfeitures.

The law of waiver cannot be abolished by contract. Therefore the stipulation that "the company shall not be bound by any act or statement made by an agent or solicitor unless inserted in this policy" can not avail to effect a forfeiture where the facts

are sufficient under well recognized rules of law to establish a waiver. Such is the condition here. *Alabama State Mut. Ins. Co.* v. *Long,* 123 Ala. 667, S. C. 49 Cent. L. J. 205, and cases cited; *Phoenix Ins. Co.* v. *Public Parks Amusement Co.,* 63 Ark. 187; *People's Fire Ins. Association of Arkansas* v. *Goyne,* 79 Ark. 315.

Second. The appellant contends that the complaint does not allege a cause of action against him on the bond. The complaint alleges: "That, as a prerequisite to its right to do business in the State of Arkansas, the defendant Security Mutual Insurance Company gave a bond to the State of Arkansas in the sum of twenty thousand ($20,000) dollars, conditioned for the prompt payment of all claims arising and accruing to any person during the term of said bond, by virtue of any policy issued by said defendant upon any property situated in this State, which bond was in full force and effect on and all times after the 7th day of April, 1903, and was signed by the defendants Alex C. Hull, Damon Clarke, Geo. B. Allis and Chas. Niemeyer, sureties for the Security Mutual Insurance Company."

As this was a suit against appellant on the bond, the breach of the bond was the foundation of the action, and the rules of good pleading under the statute (section 6128, Kirby's Digest) required that the original or a copy of the bond be filed as a part of the complaint, if within the power of the party plaintiff to produce it; and, if not, that the reason thereof be stated. The breach of the bond consisted in the failure of the insurance company, the principal, and appellant, the security, to pay the amount of the loss sustained, which by the terms of the policy and the bond they were required to do.

We are of the opinion that the complaint sufficiently set forth a cause of action on the policy and for breach of the bond. See *Euper* v. *State,* 85 Ark. 223.

Appellant contends that the allegations of the complaint, when read in connection with the law (section 4339, Kirby's Digest), show that the bond had expired. But not so. The loss under the policy and the liability for such loss on the bond is stated in the allegations above set forth, which show that a bond was executed by appellant, conditioned for the payment of all claims arising on the policy during the term of the bond, and

that the bond was in "full force and effect on and all times after the 7th day of April, 1903." If the complaint was defective in not setting forth the original bond, or a copy thereof, or in not stating the reasons for failing to do so, the defect was one of form, not substance, and could have been remedied by a rule of court, on motion of appellant. See *Nordman* v. *Craighead*, 27 Ark. 369; *Egan* v. *Tewksbury*, 32 Ark. 43; *State* v. *Aetna Fire Ins. Co.*, 66 Ark. 480.

The allegations of the complaint were sufficient to admit evidence of a bond executed under section 4339 of Kirby's Digest. Profert of the bond would have shown whether or not it was executed under that section, and whether or not it had been renewed as the statute requires, and was in full force and effect when the loss occurred under the policy. The allegation that the bond was "in full force and effect on and at all times after the 7th day of April, 1903," was sufficient to admit evidence that the bond was in full force and effect on the 25th day of February, 1905, the day it is alleged the loss occurred. If the bond, when presented in evidence, had shown that it was not in full force and effect, then there would have been a failure of the proof to meet the allegations of the complaint, but the complaint would still be good. "Where a judgment is entered by default, it will be presumed that whatever proofs were necessary to support it were duly presented and taken." 23 Cyc. 763.

The only question here is, were the allegations of the complaint sufficient to authorize the judgment? *Benton* v. *Holliday*, 44 Ark. 56; *Euper* v. *State*, 85 Ark. 223.

Third. The appellant contends that the Garland Circuit Court had no jurisdiction over him because he neither resided nor was summoned in that county. Section 4376 of Kirby's Digest provides: "That the sureties on the bond of an insurance company may be made parties defendant, and final judgment rendered against them at the same time and in like manner as against the company." Section 4377 of Kirby's Digest expressly authorizes a suit upon a fire insurance policy to be brought in the county where the loss occurred. It is not contended that the Garland Circuit Court did not have jurisdiction of the insurance company, the principal defendant, and of the subject-matter. The loss occurred in Garland County, and the suit was brought

there. Under the above sections, the suit was properly brought against appellant in Garland County, and the circuit court of that county had jurisdiction of his person. This special statute applies to suits against sureties on the bond of fire insurance companies, and not section 6072, Kirby's Digest, which applies to other actions. The sureties under the above statute may be made parties defendant in the suit against the principal, and service had upon them in any county in which the principal may be served, *i. e.,* in any county of the State. The words "in like manner" evidently refers to the process or procedure for bringing the defendants, sureties, into court, as well as any and all other procedure necessary and incident to obtaining final judgment against them.

Affirm.