MANHATTAN CREDIT COMPANY *v.* BOND.

5-293                                    266 S. W. 2d 815

Opinion delivered April 12, 1954.

*W. Tillar Adamson* and *Guy B. Reeves,* for appellant.

*L. A. Hardin,* for appellee.

ED. F. McFADDIN, Justice. This is an appeal from a default judgment.

On October 10, 1952, Bond (appellée here) filed suit in the Chancery Court against Manhattan Credit Company (appellant here) and James Hampton. Both defendants were duly and personally served with summons.

The allegations of the complaint will be subsequently stated. Both defendants wholly made default; and on April 1, 1953, the Chancery Court rendered a decree granting the plaintiff the prayed relief. Then on September 12, 1953, the Manhattan Credit Company prayed an appeal out of this Court by filing a transcript containing (a) the complaint; (b) the statement as to serv-

ice of summons; and (c) the decree. Hampton has not appealed, but in view of the result to be reached here, we need not consider the effect—if any—of such failure on the rights of Manhattan Credit Company.

We have several cases which state the extent of review in this Court when the appeal is from a default judgment. Some of these cases are: *Benton* v. *Holliday,* 44 Ark. 56; *Sproull* v. *Miles,* 82 Ark. 455, 102 S. W. 204; *Euper* v. *State,* 85 Ark. 223, 107 S. W. 179; *Neimeyer* v. *Claiborne,* 87 Ark. 72, 112 S. W. 387; *Koons* v. *Markle,* 94 Ark. 572, 127 S. W. 959; *Thompson* v. *Hickman,* 164 Ark. 469, 262 S. W. 20.

In *Neimeyer* v. *Claiborne, supra,* we said:

" 'When a judgment is entered by default, it will be presumed that whatever proofs were necessary to support it were duly presented and taken.' 23 Cyc. 763. The only question here is, were the allegations of the complaint sufficient to authorize the judgment? *Benton* v. *Holliday,* 44 Ark. 56; *Euper* v. *State,* 85 Ark. 223."

Under the above stated rule as to review, we examine the complaint in the case at bar to see if its allegations were sufficient to authorize the decree rendered. The complaint alleged: that in February, 1952, the plaintiff purchased an automobile *from both defendants* for a total of $1,595; that $400 was paid by delivery of another car, and $135 was paid in cash, leaving an unpaid balance of $1,060; "that the defendants fraudulently and without knowledge of the plaintiff changed the selling price of the car to $1,957"; "that the difference between $1,595 and $1,957 was added on and charged by the defendants as interest"; and that the said unlawful interest made the contract usurious and null and void. The prayer of the complaint was that the contract be declared void because of the "fraudulent and usurious interest charges."

The decree recites the default of the defendants and also that "said cause was submitted to the Court upon the complaint of the plaintiff, together with documentary exhibits showing the amount paid by the plaintiff on said conditional sales contract and also invoice statement

from the defendant.'' Then, after making factual findings, the decree granted the plaintiff the prayed relief. Thus, it is clear that the complaint alleged a cause of action that authorized the decree rendered.

Manhattan urges in this Court that the transaction occurred in February, 1952, which was before our decision in *Hare* v. *General Contract Purchase Corp.*, 220 Ark. 601, 249 S. W. 2d 973; and that Manhattan is entitled to prevail because of our decisions in *Crisco* v. *Murdock*, 222 Ark. 127, 258 S. W. 2d 551; and *Pacific Finance Corp.* v. *Tinsley*, 222 Ark. 723, 262 S. W. 2d 282; the effect of the two last cited cases being that conditional sales contracts entered into and valid under existing authorities before *Hare* v. *General Contract Purchase Corp.* would not be declared void by the Hare opinion. But the burden in the case at bar was on Manhattan Credit Company to appear and defend in the Trial Court and offer facts that would bring the case at bar within the purview of the *Crisco* and *Pacific* cases. Such was not done. Bond's complaint alleged fraudulent conduct as well as resulting usury. For aught that here appears, the evidence offered in the Trial Court might have established facts entirely at variance from those in the *Crisco* and *Pacific* cases. Furthermore, the allegation of fraud, when coupled with the resulting usury, did not require that Bond offer restitution, as a prerequisite to relief under our usury laws.

We conclude that the allegations in Bond's complaint authorized the decree rendered in his favor. That is the test in an appeal from a decree rendered on default after due service.

Affirmed.