WASHINGTON *v.* JOHNSON.

5-2599                                        355 S. W. 2d 273

Opinion delivered March 26, 1962.

*William H. Drew,* for appellant.

*D. A. Clarke,* for appellee.

NEILL BOHLINGER, Associate Justice. The appellants in this case are man and wife who own 20 acres of land in Desha County. Being indebted to the appellee, T. H. Johnson, on January 19, 1956 the appellants executed to the appellee a mortgage on 20 acres of land to secure an indebtedness of $420.98. This indebtedness and interest was paid in full after the tractor notes hereinafter referred to were made but before this suit was filed. The mortgage contained the further provision that it was also security for any other indebtedness of what-

soever kind that the grantees or the holder of the mortgage might hold against grantors by reason of future advances made thereunder by purchase or otherwise to the time of the satisfaction of the mortgage.

On April 23, 1956, the appellee sold to J. D. Washington, one of the appellants, a tractor and equipment and J. D. Washington at that time executed two promissory notes in the sum of $825.00 each payable on October 15, 1956 with interest. The notes executed by J. D. Washington for the tractor are in the usual form of title retaining notes and recite the contingencies under which the owner of the note may take possession of the chattel and a provision for sale of the property in the event of default in payment.

On March 20, 1961 the appellee filed his complaint in the Desha Chancery Court against the appellants, J. D. Washington and Nola Washington and attached to his complaint the two promissory notes given by J. D. Washington in the purchase of the tractor. He alleged that no payments had been made on the notes and that same were past due and unpaid and he prayed judgment in the sum of $2,295.92; that such judgment be decreed a lien on the lands described in the mortgage, a copy of which together with copies of the notes was attached to the complaint, and he asked that the land be sold to satisfy his debt.

Summons was issued and duly served on both the appellants who failed to plead within the time provided by statute and the appellee filed his motion to strike the answer which had been subsequently filed, which motion was granted by the chancellor and judgment and decree of foreclosure on the land was entered on June 15, 1961. From that judgment and decree of foreclosure comes this appeal.

The filing of the answer was not timely and the chancellor was correct in striking it and the only thing we can consider here would be objection to the jurisdiction of the court over the subject matter or the objection that the complaint does not state facts sufficient

to constitute a cause of action. The matter of jurisdiction is not open to question and we address ourselves to the objection that the complaint does not state facts sufficient to sustain the judgment in this case. [*Manhattan Credit Company* v. *Bond*, 223 Ark. 480, 266 S. W. 2d 815.]

We note first in that connection that the mortgage is made security for advances made to grantors, Nola Washington being one of the grantors. The sale of the tractor was a separate transaction by J. D. Washington who alone signed the notes. The notes are obligations of J. D. Washington only and not the grantors and the record in this case does not link Nola Washington with the transaction in any manner.

The testimony of the plaintiff, offered at the trial and not in the record before us, could not have changed or altered the terms of the mortgage. Furthermore, the complaint did not allege that Nola Washington signed the tractor notes or that she in any way had agreed to pay them, so no proof could have been offered looking to that effect. In the absence of any such allegations the court could not render judgment against Nola Washington on the tractor notes and they constitute the only indebtedness sued on since the original land note was paid long before this suit was instituted.

The record before us is silent as to the title to the land. While there are some statements in the briefs on that point, there is nothing from which we can judicially determine what the interest of Nola Washington is but certain it is that while the appellee would be entitled to judgment in whatever amount the trial court might find due on the tractor notes, the interest of Nola Washington in the land cannot be subjected to the payment of a separate debt of J. D. Washington.

We conclude that the chancellor is in error in holding that the mortgage covers the notes sued on and this cause is therefore reversed and remanded with directions to enter judgment against J. D. Washington in favor

of the appellee for such sum as the trial court finds due on the notes but such interest as the trial court may find the appellant Nola Washington has in the lands described in the mortgage will not be subjected to the payment of the notes sued on herein.

It is so ordered.

HARRIS, C. J., GEORGE ROSE SMITH and JOHNSON, JJ., dissent.

CARLETON HARRIS, Chief Justice. I do not agree with the Majority for the following reasons. The complaint unquestionably, in my mind, states a cause of action against both defendants, for it alleges that both are indebted to appellee Johnson. Subsequent to the striking of the answer, which the Majority concede was not filed in time, the court entered its decree, which contains, *inter alia*, the following language:

"On this day, being a day heretofore set for the trial of this cause by order of this Court dated May 25, 1961, this cause comes on to be heard, the plaintiff appearing in person and by his attorney and announced ready for trial, and the defendants appearing in person and by their attorney, John F. Gibson, this cause is submitted to the Court upon the complaint with its exhibits, summons served on said defendants on March 21, 1961, together with all other pleadings filed herein, *the testimony of the plaintiff and other matters and things before the Court,*[1] from all of which the Court finds:   *   *   *."

While it is true that Nola Washington did not sign the notes, this fact alone does not necessarily free her of any liability on the indebtedness. This Court has no way of knowing the evidence that was presented before the Chancellor. It may well be that the evidence showed a ratification by the appellant, Nola Washington. As was said in *Phillips* v. *Tidwell,* 26 Tenn. App. 543, 174 S. W. 2d 472, a party may execute an instrument, such as a note, which he never signed or authorized to be signed, or he may ratify it afterwards. The Majority state: "The record before us is silent as to the title of the land." It could

---

[1] Emphasis supplied.

well have been shown before the trial court that Washington and his wife owned the land as an estate by the entirety, and that the use made of the tractor and other equipment (for which the notes were executed) was as much of a benefit to Nola Washington as to her husband, and that she, by word or act, ratified the execution of the note.

It seems to me that the Court is *assuming* that no sufficient evidence was offered to establish liability on the part of Nola Washington, while, under my understanding of the law, the assumption is to the contrary, *i.e.,* where evidence was taken, but is not included in the record,[2] we indulge the presumption that the decree rendered was supported by the evidence. See *Watson* v. *Jones,* 233 Ark. 203, 343 S. W. 2d 415, and cases cited therein; *Haynie* v. *Dicus,* 210 Ark. 1092, 199 S. W. 2d 954.

In fact, I am firmly persuaded that the record itself supports my view. While the answer was stricken, and therefore not considered, it, of course, remains a part of the record, and it is quite significant to me that no defense is offered by Nola Washington that she did not execute the notes; rather, the defense offered (after a general denial) was, "Further answering, defendants state that *they*[3] have paid T. H. Johnson the debt alleged in the complaint."

For the reasons herein set out, I respectfully dissent.

I am authorized to state that Justices GEORGE ROSE SMITH and JOHNSON join in this dissent.

---

[2] This is not a case where the record was abbreviated by agreement. The entire record was designated by the appellant, so apparently the testimony taken was not transcribed.

[3] Emphasis supplied.